HIBBARD *v.* CLARK.

{ Aug. 13,
{ 1875.

*Trustee process—Taxes—Set-off.*

</div>

56    155
e74   536

Taxes are not a debt or demand, within the meaning of those terms as used in General Statutes, ch. 208, secs. 7 and 8.
Neither a collector of taxes nor the town can maintain a suit to enforce the payment of taxes.
A town, summoned as trustee of an individual, cannot set off the taxes assessed against such individual by such town against the amount due from the town to such individual.

FROM GRAFTON CIRCUIT COURT.

FOREIGN ATTACHMENT. The deposition of Lucius M. Howe was as follows :
" I, Lucius M. Howe, depose and say, that I am chairman of the board of selectmen of said town [Plymouth] ; that, at the time of the service of said writ on the town, Joseph Clark had an account against the town for personal services and costs paid out—mostly for his services—of $414.99; that at the same time he owed the town, for cash in his hands belonging to the town, $312.42, and there were outstanding taxes legally assessed against him by the selectmen of said Ply-

mouth, due and unpaid, to the amount of $82.37 ; also taxes legally assessed against the firm of Clark & Houston, of which said Clark was a partner, of $45.38, due and unpaid ; and that said town claims the right to offset said money and taxes against any claim or debt on account due the said Clark, to the amount of the same; and same have been credited on said Clark's account since the service of said writ or trustee against the town, and a balance found due said town from said Clark ;—and said town, as I understand it, was not, at the time of the service of said writ, nor has it been at any time since, indebted to said Clark, nor had any money, goods, chattels, rights, or credits of said Clark in its hands or possession, unless upon the facts aforesaid."

The question of the chargeability of the trustee on the foregoing deposition was transferred to this court by LADD, J.

*Carpenter*, for the plaintiffs.

Taxes are not a debt due to the town. No action lies in behalf of the town to enforce payment thereof. They can be collected only in the manner pointed out by the statutes. In a suit against the town, taxes assessed against the plaintiff and unpaid cannot be set off. *Andover* v. *Gould*, 6 Mass. 44 ; *Crapo* v. *Stetson*, 8 Met. 393 ; *Pierce* v. *Boston*, 3 Met. 520 ; Gen. Stats., ch. 208, secs. 7 and 8.

A trustee can set off, against what he owes the principal debtor, such demands only as he might set off in one or the other of the modes allowed by statute or the common law. *Brown* v. *Warren*, 43 N. H. 430 ; *Company* v. *Partridge*, 25 N. H. 369–374.

The trustee is not to be prejudiced by the fact that the action is commenced by the creditor of the principal defendant, and not by the principal defendant himself. Inasmuch as the trustee could not set off the taxes against the debt due to Clark, in any proceedings, legal or equitable, under the statute or at common law, they cannot be set off here, and the trustee must be charged.

*L. W. Fling*, for Plymouth.

I. The trustee process is an equitable one, and has always been so regarded in this state. The bar generally understand that a town, when trusteed, may set off taxes legally assessed against the defendant. It has been repeatedly so held at *nisi prius* in cases like the present. As to the right of set-off, see " Trustee Process," Cushing 60, 300, 125.

II. The cases in Massachusetts cited by the plaintiffs are upon a different statute from ours, and consequently do not apply ; and the cases are directly between the plaintiff and the defendant, and, under the trustee process, a broader and more liberal rule obtains.

III. The plaintiffs are incorrect in their position, that the trustee, in this process, can set off against the amount the town owe the defendant only the same claims and demands which they could have done in a

suit at law, had the defendant sued the town to recover his account. *Brown* v. *Warren*, 43 N. H. 430 ; *Concord* v. *Pillsbury*, 33 N. H. 310.

IV. Taxes are in the nature of a judgment, and are regarded as preferred claims in settlement of estates and in cases of bankruptcy ; and we see no reason why the town should not be allowed to set off the taxes against Clark, and Clark & Houston, of which Clark was a partner, in this case.

SMITH, J. By Gen. Stats, ch. 208, sec. 7, it is provided that where " there are mutual debts or demands between the plaintiff and the defendant, at the time of the commencement of the plaintiff's action, one debt or demand may be set off against the other."

The trustee process being an equitable proceeding, the courts of this state have uniformly held that a trustee is entitled to retain, or to set off against the debt which he may owe the principal defendant, any demand which he might set off, or of which he might avail himself by any of the modes allowed, either by the common or statute law, if the action were brought by the defendant himself, or if the proceedings were wholly between the trustee and the principal defendant. *Brown* v. *Warren*, 43 N. H. 436, *Swamscott Machine Co.* v. *Partridge*, 25 N. H. 374, and authorities there cited, where it is said that the rights and liabilities of trustees are not changed to their prejudice by the fact that the action is commenced by the creditor of the principal defendant and not by the principal defendant himself. The only object and legitimate effect of the trustee process is, to entitle the creditor to secure and apply to the discharge of his claim against the principal defendant such sums of money as may be found to be legally or equitably due from the trustee to the principal defendant, or such other goods or credits of the defendant as may be found in his possession beyond what may be due from the defendant to the trustee. *Ib.*, 373, 374.

The question for our consideration is, whether the taxes assessed by the town of Plymouth, the trustee in this suit, against Joseph Clark, the principal defendant, and against Clark & Houston, of which firm he is a member, constitute a " debt or demand " which can be set off in this proceeding against the sum which is due from the trustee to the defendant; and I am of the opinion that they do not. These words " debt and demand " are often used as synonymous. The former is the more specific and the latter the more general term. Either would include a claim for money alleged to be due, and either is broad enough to allow a judgment recovered by the trustee against the principal defendant to be set off against the sum found due the latter from the former in the process of foreign attachment. It is not important to examine more closely, for the purposes of this case, the distinction, if any, in these terms.

The counsel for the town claims that taxes are in the nature of a judgment, so that they can be thus set off by the trustee against the principal. If this claim is correct, it would probably follow that the collector's warrant is in the nature of an execution ; but I think this

position cannot be maintained. Judgments are the judicial sentences of courts rendered in causes within their jurisdiction. Taxes are the proportional and reasonable assessments and duties imposed by authority of law upon the inhabitants of the state. They do not partake of the nature of judgments. The imposition and collection of them are ministerial acts, and are the proper subjects of inquiry as to the manner of their assessment and the mode of their enforcement in the judicial forum; and for their collection no right of action is given, nor can they be turned into judgments, nor are they contracts between party and party, either express or implied; but they are the positive acts of government, through its various agents, binding upon the inhabitants, and to the making and enforcing of which their personal consent, individually, is not required. HUBBARD, J., in *Pierce* v. *Boston*, 3 Met. 520.

By Gen. Stats., ch. 208, sec. 8, it is further provided that "no debt or demand shall be set off as aforesaid unless a right of action existed thereon at the commencement of the plaintiff's action." It will be noticed, that to enable a party to set off such debt or demand, it must be such that not only must a right of action exist thereon, but it must exist at the commencement of the plaintiff's action. By right of action is here meant the right to commence a suit to enforce the payment or collection of the debt or demand named in the 7th section. The right which the collector of taxes has to collect the taxes assessed in his list is in no sense a right of action; much less is it a right of action in the town. The collection is a ministerial and not a judicial act. It is clear that the town is not regarded in the light of a creditor of the tax-payer. It cannot maintain an action to collect the same. *Crapo* v. *Stetson*, 8 Met. 394, where it is said that "it is well settled that the law gives no remedy for the collection of taxes other than those provided by statute." The same doctrine is laid down in *Andover & Medford Turnpike Corporation* v. *Gould*, 6 Mass. 44, which was *assumpsit*, to recover assessments laid upon shares in the capital stock of the corporation, subscribed for by the defendant, where PARSONS, C. J., remarks,—"It is a rule founded in sound reason, that when a statute gives a new power, and at the same time provides the means of executing it, those who claim the power can execute it in no other way. When we find a power in the plaintiffs to make the assessments, they can enforce the payment in the method directed by the statute, and not otherwise: and that method is by a sale of the delinquent's shares. This rule applies to all taxes, public and private. No action can be maintained to compel the payment of state, county, or town taxes, except in the particular cases in which an action is expressly given by statute."

By the statutes of this state ample and severe measures are provided for the collection of taxes. The real estate of the person assessed is holden for one year from the first day of June following the assessment; his goods and chattels, with limited exceptions, are liable to distraint; and for want thereof his body can be taken and committed

to the common jail. Gen. Stats., ch. 54. At the same time the collector is held to a rigid accountability to the town for the prompt collection and payment of his list, and is liable to a suit upon his official bond and to an extent for non-performance of his duties. *Ib.*, ch. 59.

As the legislature has provided such full and ample means for the collection of taxes, and has made no provision for their collection by suit, I am clear that the trustee in this suit cannot set off the taxes assessed against the defendant and his firm against the amount which is due from them to him, and consequently they are chargeable for the sum of $414.99, less credits $312.42, leaving $102.57, less also their costs.

With the ample powers with which the statute has armed the collector to enforce the collection of these taxes, and the equally ample powers with which the statute has armed the town to enforce payment from the collector, it can hardly happen that the trustee will fail to realize the amount of these assessments.

Since this case was transferred from the circuit court, a motion has been addressed to this court by the trustees for leave to take further depositions upon the question of their liability. If this application is to be entertained at all, it should have been addressed to the circuit court : but if the motion is properly here, we think that it would be encouraging a practice altogether too loose, after questions of law have been submitted to the court whether a trustee is chargeable, and after a party has taken his chances of getting a judgment in his favor, to allow him to reopen the case for the purpose of proceeding to a different result.

We do not mean to say that the court would never interfere and allow this to be done ; but we are of the opinion that such a practice should not be encouraged, and we do not see any sufficient reason in the present case for departing from what we think is the proper practice.

LADD, J. Taxes are contributions imposed by government on individuals for the service of the state. Bouv. Law Dic. The mode of their collection is fully prescribed by Gen. Stats., ch. 54, and does not include the right to bring an action to enforce their payment. A set-off is in the nature of a cross action. A tax may in some sense be said to be a demand in favor of the town or city where it has been assessed, but it is not a demand upon which an action can be brought, and I think, therefore, it is not a debt or demand within the fair meaning of Gen. Stats., ch. 208, sec. 7, relating to set-off. This view is strengthened by the next section of the same chapter, which provides that no debt or demand shall be set off as aforesaid, unless a right of action existed thereon at the commencement of the plaintiffs' action.

I am of opinion that the motion to take a further disclosure of the trustee, made in this court, should be denied, for the reasons given by my brother SMITH, and that the trustee should be charged.

CUSHING, C. J. If a tax against an individual is not a sum certain

due from him to the town, and therefore a debt in the strictest sense of the word, and if it is not also a sum certain which the town has a right to claim, and so a demand, it is quite impossible for me to understand the meaning of the terms.   If the town owes the individual a sum of money which is due to him in his own right, and the tax be his own debt, it seems to me that they must be mutual debts and demands.   If, therefore, it were not for the provision in Gen. Stats., ch. 208, sec. 8, that "no debt or demand shall be set off as aforesaid unless a right of action existed thereon at the commencement of the plaintiffs' action," there would seem to be no doubt that the set-off ought to be allowed. If by right of action in this statute is meant a right to commence a suit at law, it is clear that the set-off cannot be allowed, and this is the opinion of a majority of the court.

*Trustee chargeable.*